UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RESPONSE ACQUISITION LLC,        )
                                 )
            Plaintiff            )
                                 )
        v.                       )   Case No. 2:05 cv 423
                                 )
UNITED STATES STEEL CORPORATION,)
                                 )
            Defendant            )

OPINION AND ORDER

    This matter is before the court on the Motion to Compel
filed by the plaintiff, Response Acquisition LLC, on July 3,
2007, and the Motion to Extend Procedural Dates filed by the
plaintiff on October 18, 2007.  For the reasons set forth below,
the motions are **GRANTED**.

Background

    Ryan and Dan Niles purchased the company, Response Mainte-
nance, Inc., in July 2003. The company, an industrial cleaning
service supplier, worked primarily for the defendant, United
States Steel (USX), and while contemplating the purchase, the
Niles inquired into the company's long-term prospects with USX.
The Niles allege that they based their decision to purchase the
company, reorganized and renamed as Response Acquisition, LLC, on
the assurances made by USX in response to this inquiry.

    Shortly after the purchase, Response entered into a five-
year agreement that included contract terms for work performed by
Response pursuant to written purchase orders, contracts, or ver-
bal requests. This Blanket Agreement included a section control-
ling the termination of the parties' relationship, which provided

that USX reserved the right to terminate the contract for its
convenience, with or without cause. (Blanket Agreement Art.
29.3(a)) A subsequent provision stated that in the event of a
termination for convenience, the terminated party was entitled to
damages for "direct costs," "overhead costs," the costs associ-
ated with "effecting a prompt termination of the affected Work,"
and "an equitable profit in relation thereto."  (Blanket Agree-
ment Art. 29.3(b))

In June 2005, USX terminated its relationship with Response,
invoking this article of the Blanket Agreement. In its amended
complaint, Response alleges that the termination occurred while
the parties' relationship was subject to outstanding verbal
contracts.  Based upon the theory of promissory estoppel,
Response is seeking recovery of the costs it paid to acquire
Response Maintenance and specialized equipment allegedly induced
by USX's promise of on-going work orders. Response also has
alleged breach of contract, for which it is seeking damages based
on expected profits under the five-year Blanket Agreement.
Finally, Response has alleged fraudulent inducement, stating that
USX representatives knowingly misled Response into purchasing
Response Maintenance.

In the course of discovery, Response sought information
regarding the identity of companies or individuals hired to
perform cleaning services at USX facilities after USX's termina-
tion of Response, the amounts paid to these individuals or
companies, and the amounts projected to be paid to them through

2

July 2008. Response further sought documents more generally
reflecting the relationship between USX and Response.

### Discussion

A party may "obtain discovery regarding any matter, not
privileged, that is relevant to the claim or defense of any
party, including the existence, description, nature, custody,
condition and location of any books, documents, or other tangible
things." Federal Rule of Civil Procedure 26(b)(1). Relevancy is
construed broadly to encompass "any matter that bears on, or that
reasonably could lead to other matter[s] that could bear on, any
issue that is or may be in the case." *Chavez v. DaimlerChrysler
Corp*., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* *Oppenheimer
Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Even when
information is not directly related to the claims or defenses
identified in the pleadings, the information still may be rele-
vant to the broader subject matter at hand and meet the rule's
good cause standard. *Sanyo Laser Prods., Inc. v. Arista Records,
Inc*., 214 F.R.D. 496, 502 (S.D. Ind. 2003). *See* *Adams v. Target*,
2001 WL 987853 at *1 (S.D. Ind. July 30, 2001) ("For good cause,
the court may order discovery of any matter relevant to the
subject matter involved in the action").

A party may seek an order to compel discovery when an
opposing party fails to respond to discovery requests or has
provided evasive or incomplete responses.  Federal Rule of Civil
Procedure 37(a)(2)-(3).  The burden "rests upon the objecting
party to show why a particular discovery request is improper."

3

*Kodish v. Oakbrook Terrace Fire Protection Dist*., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006).  The objecting party must show with specificity that the request is improper.  *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002).  That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors Corp*., 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted).

Rather, the court's broad discretion in deciding discovery matters should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court."  *Patterson v. Avery Dennison Corp*., 281 F.3d 676, 681 (7th Cir. 2002) (*quoting* *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

USX has resisted discovery of the amounts paid to subsequent companies that performed work similar to Response.  It argues that this information is not relevant to any form of recovery alleged by Response because no form of recovery provides for lost profits. The argument is without merit.

First, USX states that lost profits are not available as a form of recovery for fraudulent inducement. This is an accurate

4

and, at least in this matter, largely  noncontroversial posi-
tion[1]. *See* **Trytko v. Hubbell, Inc**., 28 F.3d 715, 722 (7th Cir.
1994) ("As the Commentary to §552B makes clear, the Restatement
adopts the 'out-of-pocket' rule as the appropriate measure of
damages for negligent misrepresentation and specifically excludes
'benefit-of-the-bargain' damages."). *But see* **Cobra Capital LLC v.
Stover Industries, Inc**., 2007 WL 844635 at \*5 (N.D. Ill. March
14, 2007)("Ordinarily, "benefit-of-the-bargain" damages are
recoverable in actions for fraudulent misrepresentation.");
**Edward J. DeBartolo Corp. v. Coopers & Lybrand**, 928 F.Supp. 557,
566 (W.D. Pa. 1996)("Moreover, the Pennsylvania Superior Court
has held that lost profits are recoverable in tort cases if they
are established with reasonable certainty, and the evidence shows
that they were the proximate consequences of the wrong.").

Further, lost profits, or "benefit of the bargain," damages
are generally unavailable under theories of promissory estoppel.
**Creative Demos, Inc. v. Wal-Mart Stores, Inc**., 142 F.3d 367, 369
(7th Cir. 1998)("[I]n Indiana, as in most other states, promis-
sory estoppel does not support lost-profit damages."). However,
USX may claim that lost profit damages are irrelevant to this
matter only by ignoring the fact of Response's contract claim.
USX attempts this in its response, stating that "there could be
no breach of the parties' Agreement [because] USX was accorded
the unilateral right to terminate the agreement." USX continues

---

[1]This remains true even if the court does not wade into the partiesí
potential dispute over choice of law, which is unnecessary to the resolution
of the present motion.

its argument by stating that, even if it had terminated the contract in a manner providing for damages, those damages are limited by Section 29 of the Blanket Agreement to direct costs associated with on-going work at the time of termination and the costs of withdrawing from that work.

The argument presents two major flaws. First, it amounts to a request that the court rule on the substantive merits of Response's contract claim, which is not before the court, en route to deciding a discovery dispute.  As past orders of this court have made clear, the court has not been presented evidence to determine whether USX's termination gives rise to any damages. *See* Opinion & Order, August 1, 2006 (DE 26); Opinion & Order, February 21, 2007 (DE 36)("Because the contract provided for damages only in the event that there was 'affected work,' without evidence of any affected work, the court could not grant summary judgment on the issue of liability for damages."). Further, USX misstates the Agreement's limitation of damages, ignoring its provision in the event of termination for recovery of damages based upon "equitable profit."

Ultimately, Response, if it is entitled to any recovery, will have to elect from the alternative theories pled in its complaint. *See e.g.* ***Avedas v. Intouch Group, Inc.***, 1995 WL 234561 (N.D. Ill. April 19, 1995)("Therefore, plaintiff may allege, but may not recover under, both causes of action within the same complaint."). However, this election is not required during discovery. Further, relevance in discovery is measured by the

scope of the claims and defenses in the case and the subject matter of the claim. Response's motion to compel answers to discovery regarding the identity of companies or individuals hired to perform cleaning services at USX facilities after the termination of Response and the amounts paid to these individuals or companies is **GRANTED**.

Response further alleges in its motion that USX's response to its request for production of documents must be deficient because it numbers only 123 pages. The parties' dispute appears to arise from a misunderstanding regarding the scope of Response's request. In its response, USX stated that it provided documents regarding a request for "work and income information, nothing more." (Response, p. 6) In its reply, Response points to its second request for production which asks for documents regarding "Response's intention to purchase Response Maintenance," "prospects for a long-term agreement" between the parties, Response's work for USX, including documents that reflected quality improvement discussions between the parties, the termination of the parties' Blanket Agreement, and all communications between USX and the plaintiff's prior owners.

USX makes no argument that this request is irrelevant or privileged. Further, it is not clear whether USX considered everything sought by this request when it stated that it had provided "work and income information." Response, in the meantime, based its motion to compel on little more than the belief that because Response generated more than 4,000 pages in discov-

ery, USX must have more to produce than the 123 pages it has provided. It appears likely that USX has responded to the request based upon its more narrow view of the scope of the request. The court finds that this narrower view does not reflect the scope of Response's request. Absent objections based on relevance or privilege, USX is ordered to respond to the request consistent with this order and the scope of the request.

USX argued that Response, in filing the motion to compel, has failed to comply with Federal Rule of Civil Procedure 37 and Local Rule 37.1 The federal rule states that a motion to compel "must include certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the information or material without court action." Rule 37(a)(2)(B). The local rules require that this certification include the date and time of any confer- ral and be made in a separate document filed contemporaneously with the motion. L.R. 37.1  Response has not filed this certifi- cation as a separate document, but it has detailed the dates of its efforts to resolve this matter. USX argues that the certifi- cation is insufficient because it felt that both parties still were in the midst of resolving their differences and Response never expressly warned USX of its intent to file a motion to compel. The rules do not require so specific a warning shot. It is clear that the parties conferred regarding these disputes, and

aside from the failure to separately document the efforts, the

8

court cannot conclude that these efforts were insufficient.

Rule 37(a)(4)(A) states that the court shall require sanc-
tions based upon the costs of seeking a motion to compel. ***Stookey
v. Teller Training Distributors, Inc***., 9 F.3d 631, 637 (7th Cir.
1993)("Rule 37(a)(4) clearly allows for an award of the expenses
incurred in obtaining an order to compel, including attorney's
fees."). Sanctions under Rule 37(a)(4) are appropriate unless the
party's nondisclosure was "substantially justified."  Rule
37(a)(4)(A). In addition, Federal Rule 37(c)(1) states that a
party who fails to disclose, provides false or misleading disclo-
sure, or refuses to admit information required by Rule 26(a)
without "substantial justification" may be sanctioned unless such
failure was "harmless." *See **Musser v. Gentiva Health Services***,
356 F.3d 751, 755 (7th Cir. 2004); ***Salgado v. General Motors
Corp***., 150 F.3d 735, 742 (7th Cir. 1998). The trial court has
broad discretion to determine whether a violation is justified or
harmless. *See **David v. Caterpillar, Inc***., 324 F.3d 851, 857 (7th
Cir. 2003).  Under all of the circumstances, sanctions are not
appropriate.

_____

For the foregoing reasons, the Motion to Compel filed by the
plaintiff, Response Acquisition LLC, on July 3, 2007, is **GRANTED**,
and the Motion to Extend Procedural Dates filed by the plaintiff
on October 18, 2007, is **GRANTED**.  Extended deadlines shall be set
at a status conference now scheduled for **January 18, 2008, at**

**10:30 A.M.**

ENTERED this 8th day of November, 2007


s/ ANDREW P. RODOVICH
United States Magistrate Judge